## WILSON v. COOPER and MASON.

1. TITLE TO PERSONAL PROPERTY. When it was the custom of the proprietors of a merchant and exchange flouring mill to receipt for wheat delivered at the mill without special agreement, which receipt entitled the holder to receive at the mill, wheat, flour or bran, as he should elect; and it was the further custom of the proprietors of the mill to place all wheat thus receipted for in a bin, in which was deposited the wheat belonging to them, which customs were known to the plaintiff, who delivered wheat to the mill and received the usual receipt therefor, without any special agreement; it was held that the title to the wheat vested in the owners of the mill.

*Appeal from Linn District Court.*

SATURDAY, OCTOBER 6.

THE material facts are stated in the opinion of the court.

*Preston & Thompson* for the appellants, cited 2 Iowa 580 ; 2 Kent Com. 350; 2 John. Ch. R. 108; 2 Blackf. 377.

No appearance for the appellee.

LOWE, C. J.—Action to recover two hundred dollars damages for a wrongful conversion of eighty bushels of wheat, three thousand pounds of flour, five hundred pounds of bran and one thousand pounds of middlings. Defense, general denial. Trial, verdict of $103.70 for plaintiff.

The errors complained of in this case relate to the giving of certain instructions for plaintiff, and refusing others for defendants. To determine how far the assignments of error are well taken, it will be necessary to state with some precision and accuracy the evidence adduced on both sides, all of which has been certified to this court with the record of the cause, and which shows the origin of the controversy, and how far the defendants are implicated in the tort complained of.

The general facts to be first stated are, that the plaintiff, Wilson, was a merchant doing business in the town of Marion; that Shinn, Boynton & Co. owned a grist and flouring mill which they were operating in the same town. On the 29th day of June, 1857, Coopers & Clark sued out an attachment against Shinn, Boynton & Co.; and the defendant, Mason, then sheriff of the county, on that day attached all the wheat, flour, bran and other moveable property which he could find in or about the mill, and closed up the mill. A few days thereafter, before the property was removed by the sheriff, Shinn Boynton & Co. released to the attaching creditors all the property that had been attached. From two to four days before this attachment was levied, to-wit, on the 25th or 27th of June, 1857, the plaintiff delivered at that mill seventy-one bushels of wheat and took the following receipts:

Wilson v. Cooper and Mason.

"Rec'd of James B. Houston 48 30-100 bushels of wheat for J. M. Wilson, Marion, June 25th, 1857.

SHINN, BOYNTON & Co.<br>
<em>Per Bowman.</em>

"Rec'd, Marion, June 27th, 1857, of James B. Houston twenty-two 30-100 bushels wheat.

22 30-100 <span style="float: right">SHINN, BOYNTON & Co.</span>

<em>Per H. Boynton.</em>

This wheat being in the mill, as it was supposed, when the attachment was levied, Wilson brings his suit against Mason, the sheriff, and one of the attaching creditors, Cooper, for a wrongful conversion of the same. Just what Wilson's relation and right to this wheat was at the time of the levy of the attachment must be gathered from the evidence of Boynton and Bowman, both of whom the plaintiff himself called as witnesses. H. Boynton stated that he was an agent and employee in the mill, that in the month of June, 1857, he was managing the same; that the mill was advertised and held out to the public by the proprietors as a merchant and exchange mill; that the general custom of said mill was, that when any one brought wheat, and did not specially direct that the same be ground into a grist for the person so bringing the wheat, it was thrown into the general pile or bin belonging to the mill, and a receipt given to the person so leaving the wheat, which entitled the party holding it to call for flour, bran, or wheat again, as he should prefer. Bowman, the miller, also testified to the same custom, which he presumed was understood among the merchants and others of the town and neighborhood; that about the 25th June, 1859, the plaintiff sent seventy-one bushels of wheat to the mill without any directions as to what he wanted done with it. The usual receipt was given, and the wheat thrown into the general bin or pile of wheat belonging to the mill; and that on the 29th of the same month, when the attachment was levied, the whe: t had been ground, and a part of the flour had been sold to a third person.

The law of this case, as found upon this testimony is,

we think, a little different from that contained in the four instructions given to the jury. If as we suppose, this was a merchant and exchange mill, whose custom it was to receive wheat in the manner and on the terms stated in the testimony of these two witnesses, and this custom was known to the deliverer, then the title of all wheat so delivered would vest, on delivery, in the mill-owners. And their receipt for the same, in whose hands soever it might be found, would be good against the mill for the value thereof in flour, offal, or a like quantity of wheat, at the option of the holder. This must be so under such custom in the very reason of the thing and the nature of the business. The court however charged the jury, under this evidence, that if Wilson delivered the wheat at the mill, and there was no agreement or understanding as to what was to be done with it, it still remained the property of the plaintiff; that although Shinn, Boynton & Co., threw it into a common bin with other wheat, or ground it into flour and bran, still this would not change the property if it was done without Wilson's consent. This might be good law in a given case, but it is not the law of this case.

The rights of the parties growing out of a custom in view of which they were acting should have been properly guarded and protected. The cause must be reversed and remanded, to be tried again in accordance with this opinion.

Judgment reversed.